THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-1-RJC-DCK

| K.K. BUCCINI, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| MICHAEL JORDAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e). Plaintiff, who is proceeding pro se, filed a Complaint, (Doc. No. 1), and Motion to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 2), on January 3, 2012. For the reasons explained below, the Court GRANTS Plaintiff's IFP Motion, (Doc. No. 2), for the limited purpose of reviewing the Complaint and DISMISSES Plaintiff's Complaint sua sponte against Defendant.

First, as for Plaintiff's application to proceed in forma pauperis, the Court has examined Plaintiff's financial statement, in which she claims to have no income from wages and $1 in a checking or savings account. Although Plaintiff's additional statements in her application regarding her financial situation are nonsensical, the court will allow Plaintiff to proceed in forma pauperis for the purpose of this initial review.

Because Plaintiff seeks to proceed in forma pauperis, the court must review the complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, the court must determine whether the complaint raises an indisputably

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

In her pro se complaint, Plaintiff has sued Michael Jordan, the former NBA basketball player. In her thirty-five page complaint, Plaintiff alleges, among many other things, that she is an FBI Special Agent, former United States Air Force General, former United States Navy JAG Officer, Military Pilot, Flight Surgeon, former U.S. Solicitor General Attorney, and "former recognized affiliate of the United Nations."[1] (Compl. ¶ 7).

Plaintiff's complaint is strikingly similar to the plot line of the movie *Forrest Gump*, as Plaintiff describes herself as having taken a significant role in numerous historical events in the latter half of the Twentieth Century, from advising members of former President Lyndon Johnson's Presidential Cabinet on "the priorities of the Johnson Presidential Administration, such as the Civil Rights Bill of 1964 and the Voting Rights Bill of 1965," (see Compl. ¶ 12), to being asked by Senator Edward Kennedy to "assist in the investigation of the Iran Hostage Crisis," (see Compl. ¶ 18).

As to her specific allegations against Michael Jordan, Plaintiff alleges that Jordan and his family members committed numerous terrible acts on Plaintiff. For instance, in parts of the Complaint, it appears that she was made to enter into a forced marriage with Jordan, (see Compl. ¶ 40(f)), that Jordan and his family physically assaulted Plaintiff on numerous occasions, (see Compl. ¶¶ 40, 42), that Jordan and his family attempted to murder Plaintiff several times and through various means, including when Defendant Jordan "used a filled syringe which he

---

[1] In another part of the complaint, Plaintiff contends that she is a "Harvard-educated Attorney and Surgeon who retired in the early 1970s following a more than two decades long career as a Commissioned Officer in the US Military who worked as Navy JAG Officer and Military Pilot as well as Flight Surgeon and Medical Researcher." (Compl. ¶ 37).

2

brought into the mid-size country Oceanside church to where the Plaintiff had been taken to inject the Plaintiff with a serum that [Defendant] claimed was made from the HIV-infected blood of now-former NBA player Magic Johnson," (see Compl. ¶ 42(c)), and that Defendant and his family "are believed to have extorted several millions of dollars from the Plaintiff's estate between 1959-2011 via unlawful conduct related to legal documents and/or blackmail and ransom requests," (see Compl. ¶ 56).[2] Based on these and other allegations, Plaintiff purports to assert claims against Defendant Jordan for:

> deprivation of rights, privileges, and immunities in association with obstruction of justice (42 U.S.C. § 1985(2) & (3)), and a criminal conspiracy against Rights (18 U.S.C. § 241) with special attention to the US-signed International Treaty entitled Convention to Prevent and Punish the Acts of Terrorism Taking the Form of Crimes Against Persons and Related Extortion that are of International Significance, certain constitutional rights related to the 1st, 5th, 8th, and 14th Amendments to the US Constitution, and section 7 of the Privacy Act of 1974 *inter alia*.

(Compl. ¶ 4).

Here, the court is thoroughly satisfied that, at the least, Plaintiff has failed to state a legally cognizable claim against Defendant Jordan. Indeed, Plaintiff's allegations can be fairly accurately described as fantastic and delusional.[3] Therefore, the court will sua sponte dismiss Plaintiff's complaint.

**IT IS, THEREFORE, ORDERED that:**

---

[2] These are merely a sampling of the outrageous acts that Defendant Jordan and his family are alleged to have committed against Plaintiff.

[3] Plaintiff has filed at least two other federal lawsuits in other districts, in which she alleges similarly fantastical scenarios against other defendants. See Buccini v. AME Church, 2:11cv7755 (E.D. Penn., filed Dec. 5, 2011); See Buccini v. Groff, 2:11cv3145 (D. Colo., filed Jan. 4, 2012). On December 29, 2011, the Eastern District of Pennsylvania dismissed Plaintiff's complaint in Buccini v. AME Church as frivolous.

3

1. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) is **GRANTED**;

2. The Clerk of Court, however, shall refrain from issuing process for Defendant because the Court has conducted its initial review and determined that Plaintiff is not entitled to proceed with this action;

3. Plaintiff's Complaint is **DISMISSED** in its entirety for the reasons stated herein. The Clerk is directed to close the case;

4. The Clerk of Court is instructed to send a copy of this Order to Plaintiff at her address of record.

Signed: January 17, 2012

Robert J. Conrad, Jr.
Chief United States District Judge